INTECH, INC. *vs.* TRIPLE "C" MARINE SALVAGE, INC.

No. 03-P-271.

Middlesex. February 12, 2004. - July 22, 2004.

Present: LENK, COWIN, & GREEN, JJ.

Further appellate review granted, 442 Mass. 1112 (2004).

*Jurisdiction,* Personal, Nonresident, Long-arm statute. *Contract,* Performance and breach.

In a breach of contract action brought by a Massachusetts plaintiff against a Louisiana defendant, the defendant's direction of a specific solicitation to the plaintiff in Massachusetts approximately two months after a general expression of interest by the plaintiff in transacting more business together was a sufficiently deliberate affirmative act to support the exertion of in personam jurisdiction over the defendant. [538-541]

CIVIL ACTION commenced in the Concord Division of the District Court Department on March 12, 1997.

The case was heard by *Janet L. Sanders,* J.

*Robert H. D'Auria* for the plaintiff.

*Kenneth D. Quat* for the defendant.

GREEN, J. The plaintiff appeals from a ruling by the Appellate Division of the District Court vacating a judgment in the plaintiff's favor and dismissing its complaint for lack of personal jurisdiction over the defendant. We vacate the order of the Appellate Division.

The plaintiff is a Massachusetts corporation which, in 1995, decided to get into the business of purchasing surplus military light amphibious reconnaissance crafts (LARCs). In pursuit of that effort, the plaintiff's president enlisted William "Skip" Taylor to seek out suitable LARCs for purchase. Taylor saw an advertisement placed by the defendant, a Louisiana corporation, in Boats and Harbors, a national publication, advertising a LARC for sale, and telephoned the defendant's president. Eventually, the plaintiff purchased the LARC the defendant had

advertised, and arranged for its shipment from Louisiana to Massachusetts. Satisfied with that purchase, the plaintiff asked the defendant to advise it if the defendant became aware of similar LARCs available for purchase.

Approximately two months later, the defendant's president telephoned Taylor to inform him that he had learned of a LARC available for purchase in Florida. The Florida LARC was owned by a different party, but the defendant informed Taylor that it would procure the LARC and then sell it to the plaintiff for the same price the plaintiff had paid in the previous transaction. The plaintiff purchased the Florida LARC, but was disappointed to learn, upon its arrival in Massachusetts, that it was neither sea-worthy nor road-worthy.[1] The plaintiff sought to rescind the purchase, but the defendant demurred, prompting the plaintiff to bring the present action for breach of contract in the District Court.

The defendant moved, unsuccessfully, to dismiss the action for lack of personal jurisdiction. After a bench trial resulting in a judgment adverse to the defendant, it appealed to the Appellate Division of the District Court, which vacated the judgment and ordered the action dismissed.

The plaintiff contends that jurisdiction over the defendant is supported under both subparagraphs (*a*) and (*b*) of G. L. c. 223A, § 3, as inserted by St. 1968, c. 760. As a threshold matter, we agree with the Appellate Division that § 3(*b*) does not support jurisdiction, because the defendant did not contract to "supply services or things" in the Commonwealth. See *Droukas* v. *Divers Training Academy, Inc.*, 375 Mass. 149, 158-159 (1978). In both transactions with the defendant, the plaintiff received the LARCs in another State and was responsible for their shipment to Massachusetts.

Personal jurisdiction under § 3(*a*) extends to any party as to a cause of action arising from that party's "transacting any business in this commonwealth." The scope of that jurisdiction is essentially coextensive with the limits allowed by the United States Constitution. See *"Automatic" Sprinkler Corp. of America*

---

[1]An inspection revealed that the Florida LARC had been sunk under water for a substantial period of time. Tires were rotted, the fuel tanks were deteriorated, there was a hole in the hull, and many parts were rusted or corroded beyond repair.

v. *Seneca Foods Corp.*, 361 Mass. 441, 443 (1972). The facts of the present case are in many respects similar to those which the Supreme Judicial Court found insufficient to support personal jurisdiction in *Droukas* v. *Divers Training Academy, Inc., supra.* In *Droukas*, the plaintiff ordered two marine engines in response to the defendant's advertisement in Boats and Harbors (coincidentally the same publication that introduced the parties in the present case). The defendant did not maintain an office in Massachusetts, and had not done any previous business within the Commonwealth. The defendant's sole contacts with Massachusetts were (i) "placement of an advertisement in a publication distributed in the Commonwealth"; (ii) "receipt in Florida of a telephone call from the plaintiff in Massachusetts" regarding the transaction; (iii) sending correspondence from Florida to the plaintiff in Massachusetts, confirming the sale; and (iv) "shipment of the engines 'collect' to the plaintiff in Massachusetts." 375 Mass. at 153. In the present case, through the time the plaintiff's purchase of the first LARC was completed, in Louisiana, the defendant had even fewer contacts with the plaintiff than the defendant had with the plaintiff in *Droukas*, since the plaintiff in the present case took possession of the LARC in Louisiana and was responsible for shipping it to Massachusetts. Though *Droukas* may express a somewhat narrower view of jurisdiction than later Massachusetts cases, and may even be inconsistent with Federal cases decided in the United States Court of Appeals for the First Circuit, it remains good law. See *Splaine* v. *Modern Electroplating, Inc.*, 17 Mass. App. Ct. 612, 620 (1984). See also *REMF Corp.* v. *Miranda*, 60 Mass. App. Ct. 905, 906-907 (2004) (following *Droukas*).

The plaintiff distinguishes *Droukas* on the circumstances giving rise to the second transaction between it and the defendant. The plaintiff argues that the defendant's call to the plaintiff initiating discussions about the second LARC purchase was an act by which the defendant "purposefully [availed] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws," *Droukas* v. *Divers Training Academy, Inc., supra* at 159, quoting from *Hanson* v. *Denckla*, 357 U.S. 235, 253 (1958).

"The ' "transacting any business" clause [in § 3] has been

construed broadly.' *Heins* v. *Wilhelm Loh Wetzlar Optical Mach. GmbH & Co. KG.*, 26 Mass. App. Ct. 14, 17 (1988) . . . . Although an isolated (and minor) transaction with a Massachusetts resident may be insufficient, generally the purposeful and successful solicitation of business from residents of the Commonwealth, by a defendant or its agent, will suffice to satisfy this requirement." *Tatro* v. *Manor Care, Inc.*, 416 Mass. 763, 767 (1994). It was observed more than a quarter century ago that "[m]odern technology has taken us far beyond the point where two men must stand in each other's physical presence to transact business. Widespread use of the telephone and the mails make[s] actual physical presence unnecessary in many cases." *Good Hope Indus., Inc.* v. *Ryder Scott Co.*, 378 Mass. 1, 11 (1979), quoting from *McGraw* v. *Matthaei*, 340 F. Supp. 162, 164 (E.D. Mich. 1972). Certainly the influence of technology in the balance has not waned in the intervening time.

The Appellate Division did not consider the defendant's initiation of the second transaction significant for jurisdictional purposes, since it came in response to a previous expression of interest by the plaintiff. However, the fact that the plaintiff made the initial solicitation is not in itself dispositive. See *Good Hope Indus., Inc.* v. *Ryder Scott Co.*, 378 Mass. at 11, quoting from *Product Promotions, Inc.* v. *Cousteau*, 495 F.2d 483, 496 (5th Cir. 1974) ("What is significant . . . is that the defendant's contacts with the forum were deliberate and not fortuitous, such that 'the possible need to invoke the benefits and protections of the forum's laws was reasonably foreseeable, if not foreseen, rather than a surprise' "). Had the defendant's response to the plaintiff's expression of interest been immediate, it might be considered more a reaction to the plaintiff's invitation than an affirmative and deliberate approach by the defendant. Similarly, the defendant's initiation of contact with the plaintiff would be less significant in support of personal jurisdiction if it were merely part of a continuous course of dealings toward consummation of the original transaction initiated by the plaintiff's response to a general magazine advertisement. Compare *REMF Corp.* v. *Miranda*, 60 Mass. App. Ct. at 906-907. In the circumstances, however, where the defendant directed a specific solicitation to the plaintiff in Massachusetts approximately two

months after a general expression of interest by the plaintiff in transacting more business together, we conclude that the defendant's affirmative act was sufficiently deliberate to support the exertion of in personam jurisdiction over it.

The order of the Appellate Division is vacated and the matter is remanded to the Appellate Division for further proceedings not inconsistent with this opinion.[2]

*So ordered.*

---

[2]Because of its decision as to personal jurisdiction, the Appellate Division did not reach the other issues raised by the defendant in its appeal.