Troy, Paul E., J.
INTRODUCTION
In this action, the plaintiffs, Nicholas Donaldson (“Donaldson”), Justin Crosby (“Crosby”), and Shawn Conte (“Conte”), seek unpaid wages from their former employer and supervisors, the defendants, Shapemix Music, LLC (“Shapemix”), Colin Owens (“Owens”), Mike Sepso (“Sepso”), and Greg Chisholm (“Chisholm”). In their verified complaint, the plaintiffs allege a violation of the Massachusetts Wage Act, G.L.c. 149, §§148 and 150 (Count I), breach of contract against Shapemix only (Count II), services sold and provided against Shapemix only (Count III-A), fraud, deceit, and misrepresentation (Count III-B), quantum meruit (Count IV-A), and a violation of G.L.c. 93A (Count IV-B).[3]
The defendants now move to dismiss Counts III-A, III-B, IV-A, and IV-B for failure to state a claim. Additionally, the defendants move to dismiss the complaint in its entirely on the grounds that there is no individual liability under the Wage Act where the employing entity is organized as a limited liability company (LLC).[4] Sepso and Chisholm also move to dismiss the complaint in its entirety for lack of personal jurisdiction pursuant to Mass.R.Civ.P. 12(b)(2). For the following reasons, the motion is DENIED in part and ALLOWED in part.
BACKGROUND
In 2010, Owens, Sepso, and Chisholm created Shapemix, an LLC organized under the laws of Delaware, and listed themselves as the sole “Managers” in the LLC documents. Shapemix’s business involves developing software that would allow the lawful manipulation of commercial music, including through “Apps” for Apple products. At different points in 2010 and 2011, Shapemix hired Donaldson, Crosby, and Conte as Lead Audio Engineer/Developer, Director of Audio Production, and Content Manager, respectively, for which they all received hourly compensation. The plaintiffs all left Shapemix between February and May 2012. The plaintiffs allege that Shapemix failed to pay their wages in full. They also allege that Shapemix misrepresented its prospects for obtaining more financing in order to induce the plaintiffs to continue working without pay. Additional facts, as alleged in the complaint, will be incorporated into the discussion below.
ANALYSIS
I. Standard of Review
In assessing the sufficiency of a complaint in the context of a motion to dismiss, the allegations, as well as such inferences as may be drawn therefrom in the plaintiffs favor, are to be taken as true. Blank v. Chelmsford Ob/Gyn, P.C., 420 Mass. 404, 407 (1995). The claimant must allege facts “plausibly suggesting ... an entitlement to relief,” and the complaint must possess enough heft to “show that the pleader is entitled to relief. ” Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008), quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007). Facts alleged in the complaint “must be enough to raise a right to relief above the speculative level... [based] on the assumption that all the allegations in the complaint are true (even if doubtful in fact).” Bell Atl Corp., 550 U.S. at 555. A plaintiff “has a relatively light burden to carry to maintain [a] complaint, and doubt as to whether a particular claim can be proved is not a proper basis for dismissing a complaint under rule 12(b)(6).” Ciardi v. Hoffman-La Roche, 436 Mass. 53, 65 (2002).
II. Massachusetts Wage Act, G.L.c. 149, §§148, 150 (Count I)
The defendants argue that they cannot be held individually liable under the Wage Act because Shapemix is organized as an LLC. While the defendants’ motion was pending, however, the Su *582 preme Judicial Court rejected this argument and held that individual liability is permitted for LLCs, just as it is permitted for corporations. Cook v. Patient Edu, LLC, 465 Mass. 548, 554 (2013). The Court explained that:
[b]ecause a manager or other officer or agent of an LLC, limited liability partnership, or other limited liability business entity may be a “person having employees in his service,” and thus may be civilly or criminally liable for violations of G.L. c. 149, §148, if he “controls, directs, and participates to a substantial degree in formulating and determining policy” of the business entity, see Wiedmann v. The Bradford Group, Inc., 444 Mass. 698, 711 (2005), the claims against [the LLC managers] should not have been dismissed.
Id. at 556. Therefore, the defendants’ arguments on this point are rejected.
III. Sufficiency of Allegations
The defendants next argue that, even if the Wage Act applies, the complaint still must be dismissed against the individual defendants because the plaintiffs do not allege sufficient facts to show that any of the individual defendants “controls, directs, and participates to a substantial degree in formulating and determining policy” of Shapemix. Cook, 465 Mass, at 556. This argument is without merit.
In the complaint, Owens, Sepso, and Chisholm, are identified as Managers of Shapemix and as the Chief Product Officer, Chief Executive Officer, and Chief Operating Officer, respectively. Further, the complaint alleges that:
Owens, Sepso, and Chisholm were regularly engaged in all facets of employee and payroll matters, having full knowledge of the same, authorization, and ability to direct and control, and joint and/or severally making all determinations, decisions, representations, and promises related to employment matters and the payment of wages.
Complaint ¶74. Additionally, the individual defendants are listed in the LLC documents as the sole Managers of Shapemix. Therefore, the plaintiffs have aptly pled that these defendants had sufficient “control” of Shapemix to potentially be liable for violations of G.L.c. 149, §148. See Cook, 465 Mass, at 556.
IV. Personal Jurisdiction
The defendants next argue that Massachusetts does not have personal jurisdiction over Sepso and Chisholm, because they reside in New York and worked in Shapemix’s New York Office. The plaintiffs argue that they sufficiently pled personal jurisdiction in the complaint by alleging that:
Defendants Sepso and Chisholm regularly traveled to Massachusetts once or twice a month, working in and from the Shapemix Office, and while there engaged in the day to day operation of Shapemix, as well as determining and discussing Shapemix strategy and direction and seeking third party funding, investors, and working capital.
Complaint ¶73.
“[JJurisdiction over a corporation [or other entity] does not automatically secure jurisdiction over its officers, ... or employees.” Morris v. UNUM Life Ins. Co. of Am., 66 Mass.App.Ct. 716, 720-21 (2006). “Rather, the question of personal jurisdiction over [officers or employees] is to be decided on the basis of the nature and extent of their individual contacts with Massachusetts.” Id. “Although the plaintiffs eventually will need to prove personal jurisdiction ‘by a preponderance of the evidence at an evidentiary hearing or at trial,’ at the pleading stage all that is required is a prima facie showing.” Cannonball Fund, Ltd. v. Dutchess Capital Mgmt, LLC, 84 Mass.App.Ct. 75, 99-100 (2013), quoting Cepeda v. Kass, 62 Mass.App.Ct. 732, 737-39 (2004).
To establish personal jurisdiction, the plaintiffs must allege a prima facie showing that asserting jurisdiction (1) satisfies the longarm statute of Massachusetts and (2) does not violate the due process clause of the United States Constitution. Intech, Inc. v. Triple “C” Marine Salvage, Inc., 444 Mass. 122, 125 (2005). These issues -will be addressed in turn.
1. Longarm Statute
The Massachusetts longarm statute provides in relevant part that “[a] court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law . . . arising from the person’s . . . transacting any business in [the] commonwealth.” G.L.c. 223A, §3(a). In other words, to satisfy the requirement, it must be shown that (1) Shapemix “transacted business” in Massachusetts, and (2) the plaintiffs’ claims “arose out of’ those transactions.
The literal requirement of “transacting business” has been broadly construed. Tatro v. Manor Care, 416 Mass. 763, 767 (1994). Here, the defendants clearly transacted business in Massachusetts when they traveled to and worked in Massachusetts.[5]
Therefore, the primary question is whether the plaintiffs’ claims also “arise out of, or relate to,” Sepso and Chisholm’s Massachusetts contacts. Tatro, 416 Mass, at 772. This requirement is also broadly construed and a “but for” test is applied. Id. at 771-72. The relatedness inquiry is the same under the longarm statute and due process analysis, because the longarm statute “functions as an assertion of jurisdiction over the person to the limits allowed by the [Federal] Constitution.” Id., 416 Mass, at 771. Under due process standards, “[t]he relatedness requirement is not met merely because a plaintiffs cause of action arose out of the general relationship between the parties; rather, the action must directly arise out of the specific contacts between the defendant and the *583 forum state.” Fern, 55 Mass.App.Ct. at 584 (quoted case omitted).
Here, the defendants’ alleged wrongdoing is failing to pay wages and misrepresenting the prospects of Shapemix’s finances in order to induce the plaintiffs’ labor. The plaintiffs have alleged that, while in Massachusetts, the individual defendants “determin[ed] and discuss(ed) Shapemix strategy and direction and [sought] third party funding, investors, and working capital.” The defendants’ assessment and subsequent misrepresentation of Shapemix’s funding contributed to the plaintiffs’ injuries. Therefore, at this stage, the plaintiff has alleged sufficient facts to satisfy the longarm statute.
2. Due Process
To satisfy due process requirements, the plaintiffs must show: (1) that Sepso and Chisholm “purposefully avail[ed] [themselves] of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws,” (2) that the claim “arise [s] out of or relate[s] to [Sepso and Chisholm’s] contacts with the forum,” and (3) that asserting jurisdiction over Sepso and Chisholm comports with “traditional notions of fair play and substantial justice,” or, in other words, is reasonable. Bulldog Investors Gen. Partnership v. Secretary of the Commonwealth, 457 Mass. 210, 217 (2010), quoting Tatro, 416 Mass, at 773, and International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (quotations omitted). For the reasons explained supra, the plaintiffs have sufficiently alleged that their injuries “arise out of’ Sepso and Chisholm’s contacts. Therefore, the constitutional inquiry is focused on whether the contacts were “purposeful” and asserting jurisdiction is “reasonable.” At this stage, the plaintiffs have satisfied these requirements because Sepso and Chisholm intentionally entered Massachusetts, Shapemix has a Massachusetts office, and all of the plaintiffs live in Massachusetts.
Accordingly, Sepso and Chisholm’s motion to dismiss for lack of personal jurisdiction will be denied. However, this determination may be reevaluated after discovery and further argument from the parties.
V. Fraud, Deceit, or Misrepresentation (Count III-B)
The defendants generally assert that the plaintiffs’ claim for fraud, deceit, or misrepresentation should be dismissed because the circumstances of the alleged fraud, including the time and place that it occurred, have not been stated with particularity, as required by Mass.RCiv.P. 9(b). However, this unsupported claim is without merit.
To establish fraud in accordance with Rule 9(b), the plaintiff must allege that:
(1) the defendant made a misrepresentation of fact; (2) it was made with the intention to induce another to act upon it; (3) it was made with the knowledge of its untruth; (4) ... it was in fact acted upon; and (5) damage directly resulted therefrom ... At a minimum, a plaintiff alleging fraud must particularize the identity of the person(s) making the representation, the contents of the misrepresentation, and where and when it took place. In addition, the plaintiff should specify the materiality of the misrepresentation, its reliance thereon, and resulting harm.
Equipment & Systems for Industry, Inc. v. Northmeadows Construction Co. Inc., 59 Mass.App.Ct. 931, 931 (2003) (citations omitted). See also MassR.Civ.P. 9(f) (“For the purpose of testing the sufficiency of a pleading, averments of time and place are material and shall be considered like all other averments of material matter”).
The plaintiffs’ complaint, mirroring these requirements, alleges that: (1) the defendants “falsely and fraudulently representad] to and promis [ed] [the plaintiffs] that said Shapemix would duly and timely compensate [the plaintiffs] for the services solicited and authorized by it and performed and delivered by [the plaintiffs], (2) the defendants ’’took the above action(s) with the intent to induce [the plaintiffs] to rely and act upon them as if they were true,[1]' (3) the defendants’ representations were “false and made . . . with knowledge of their untruth,” (4) the plaintiffs did “rely upon these misrepresentations ... [and] acted or forebeared from action to their detriment thereby,” and (5) as a result of the misrepresentations, the plaintiffs were “directly and substantially injured,” including “serious economic loss.” See Complaint ¶ 101-107. The plaintiffs also allege that the defendants “regularly” made such misrepresentations to the plaintiffs “at various times during Donaldson and Crosby’s employment.” Complaint ¶71. The plaintiffs also specified when they worked for Shapemix: Donaldson worked from August 2011 until February 2012; Crosby worked from July 2010 until January 2012; and Conte worked from February 2011 until May 2012.
These allegations sufficiently detail the plaintiffs’ fraud claim in accordance with Mass.R.Civ.P. 9(b), because they satisfy all of the requirements summarized in Equipment & Systems for Industry, Inc. and specify the timeframe in which the statements were made. Therefore, the defendants’ argument on this point is rejected.
VI. Quantum Meruit (Count IV-A)
The defendants argue that the plaintiffs cannot recover in quantum meruit where they allege the existence of a contract. See Boswell v. Zephyr Lines, Inc., 414 Mass. 241, 250 (1993) (where “a contract exists, the law need not create a quantum meruit right to receive compensation for services rendered”). In response, the plaintiffs argue that such a claim is permissible alternative pleading and that the quantum meruit claim will be applicable if the contract is unenforceable for some reason. See Mass.R.Civ.P. 8(a) *584 (“Relief in the alternative or of several different types may be demanded”); J.A. Sullivan Corp. v. Commonwealth, 397 Mass. 789, 793 (1986) (“In a case involving an unenforceable contract, we allow[ ] quantum me-ruit recovery, basing our reasoning on the theory of unjust enrichment”). It is unclear why the contract could be unenforceable and it does not appear that the parties even dispute its validity. However, because the plaintiffs may proceed under alternative theories and since this issue will be more soundly resolved after discovery, the quantum meruit claim will not be dismissed. See also Lipsitt v. Plaud, 466 Mass. 240, 255 (2013) (holding that the Wage Act is not the exclusive remedy for recovery of unpaid wages and, therefore, the plaintiffs common-law claims for breach of contract and quantum meruit should not have been dismissed).
VII. “Services Sold and Provided” (Count III-A)
The defendants argue that the plaintiffs’ claim for “Services Sold and Provided” should be dismissed for failure to state a claim under Mass.R.Civ.P. 12 (b)(6) because no such cause of action exists under Massachusetts law. In response, the plaintiffs do not cite any case law and merely argue that this Count is similar to a cause of action for goods sold and delivered and that “(s]uch a Count is consistent with Plaintiffs Donaldson’s and Crosby’s clearly pled claims of being entitled to compensation for services that they may have performed in the capacity of an independent contractor, rather than as an employee.” This argument is not persuasive. Also, it is unclear how the claim for “Services Sold and Provided” differs from the plaintiffs’ quantum meruit claim. Therefore, the claim for services sold and provided (Count III-A) will be dismissed for failure to state a cognizable claim and being duplicative of other claims already pled.
VIII. Chapter 93A (Count IV-B)
The defendants argue that the plaintiffs Chapter 93A claim should be dismissed because the plaintiffs allege that they were employees, not independent contractors. Employees cannot bring a 93A claim against their employer based on their employment relationship, Manning v. Zuckerman, 388 Mass. 8, 11-15 (1983), but independent contractors may bring such a claim. Schinkel v. Maxi-Holding, Inc., 30 Mass.App.Ct. 41, 49 (1991) (reversing allowance of motion to dismiss claim that defendant violated c. 93A, in part, because plaintiff could have been an “independent consultant” rather than an employee).[6] Here, it is disputed whether the plaintiffs should be classified as independent contractors or employees. This determination is more appropriately made after discovery and, therefore, the defendant’s motion to dismiss Count IV-B will be denied.
ORDER
It is hereby ORDERED that the defendants, Shapemix, LLC, Mike Sepso, and Greg Chisholm’s Partial Motion to Dismiss for Failure to State a Claim and for Lack of Personal Jurisdiction is ALLOWED as to the claim for “Services Sold and Provided” (Count III-A), and is otherwise DENIED.
Similarly, it is also ORDERED that Defendant Colin Owen’s Partial Motion to Dismiss is ALLOWED as to the claim for “Services Sold and Provided” (Count III-A), and is otherwise DENIED.

Nile complaint incorrectly lists Count III and Count IV twice. Therefore, these counts will be identified as III-A, III-B, IV-A, and IV-B.

On March 7, 2013, Shapemix, Sepso, and Chisholm filed a Partial Motion to Dismiss for Failure to State a Claim and for Lack of Personal Jurisdiction. On April 17, 2013, Owens filed his Partial Motion to Dismiss, in which he adopted all of the facts and arguments stated in the other defendants’ March 7 motion, except for the personal jurisdiction argument. The two motions will be addressed together.

Nhe defendants may have also transacted business when Shapemix hired the plaintiffs, Massachusetts residents who were to work in Massachusetts. However, the parties have not addressed this issue.

Whether an independent contractor can recover for a 93A violation “hinge[s] not on the label of‘independent contractor,’ but on a fact-specific, case-by-case analysis into the type of relationship that the independent contractor has with the company at issue.” McAdams v. Massachusetts Mut. Life Ins. Co., 391 F.3d 287, 303-04 (1st Cir. Mass. 2004), citing Linkage Corp. v. Trs. of Boston Univ., 425 Mass. 1 (1997). This question is best saved, however, for after discovery.