NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1448

ARTHUR FEINBERG & another[1]

vs.

EAST COAST SEALCOATING, INC., & others.[2]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiffs appeal from a judgment dismissing their complaint against defendant Kwest Enterprises, LLC (Kwest), for lack of personal jurisdiction pursuant to Mass. R. Civ. P. 12 (b) (2), 365 Mass. 754 (1974).  A Superior Court judge concluded that Kwest had insufficient contacts with the Commonwealth under the long-arm statute, G. L. c. 223A, § 3, and that exercising jurisdiction did not comport with the requirements of due process under the United States Constitution.  We affirm.

---

[1] Karen Feinberg.

[2] Kwest Enterprises, LLC, and Coolink AC and Heating LLC, doing business as CRP Mechanical.

Background.  The plaintiffs are Massachusetts residents, and Arthur[3] is the president of Resilient Technologies, Inc., doing business as Tracklite Systems (Tracklite), a Massachusetts corporation with a business address in Andover and an office in Lawrence.  Kwest is a limited liability company organized under the laws of Alabama with its principal -- and only -- place of business in Montgomery, Alabama.  Kwest does not do business, own property, have employees, advertise for, or solicit business in Massachusetts.

In May 2020, Kwest's president telephoned Arthur regarding a construction project at Kessler Air Force Base in Mississippi (base).  After further phone calls and e-mail messages, on July 15, 2020, Kwest entered into a subcontract with Tracklite for work on the project, its fourth such subcontract for work at the base.[4]  In connection with these projects, "Kwest directed hundreds of communications -- letters, faxes, telephone calls, and emails -- to Tracklite in Massachusetts."

On September 26, 2020, Arthur was seriously injured on the project in Mississippi.  The plaintiffs filed suit in

---

[3] As they share a surname, we refer to the plaintiffs by their first names.

[4] Kwest paid Tracklite $736,951 for the four projects.

Massachusetts against Kwest and others[5] alleging negligence in the operation of the forklift and supervision of the worksite. Karen brought a claim for loss of consortium. A judge allowed Kwest's motion to dismiss. This appeal followed.

Discussion. "When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of adducing facts on which jurisdiction may be found." Roch v. Mollica, 481 Mass. 164, 165 (2019), quoting SCVNGR, Inc. v. Punchh, Inc., 478 Mass. 324, 325 n.3 (2017). We review to determine whether the plaintiffs made "a prima facie showing of evidence that, if credited, would be sufficient to support findings of all facts essential to personal jurisdiction." Fern v. Immergut, 55 Mass. App. Ct. 577, 579 (2002). "[W]e accept as true the essential uncontroverted facts that were before the judge" (citation omitted). SCVNGR, Inc., supra.

A Massachusetts court may assert jurisdiction over nonresident defendants "when some basis for jurisdiction enumerated in [G. L. c. 223A, § 3,] has been established" and when "exercise of jurisdiction under State law [is] consistent with basic due process requirements mandated by the United

---

[5] The plaintiffs voluntarily dismissed their claims against Coolink AC and Heating LLC and entered into a settlement agreement with East Coast Sealcoating, Inc.

States Constitution" (citations omitted).  Intech, Inc. v.

Triple "C" Marine Salvage, Inc., 444 Mass. 122, 125 (2005).

Passing on the question whether the plaintiffs met the requirements of the long-arm statute, we consider whether the exercise of jurisdiction over Kwest is inconsistent with due process.  "'[T]he constitutional touchstone' of the determination whether an exercise of personal jurisdiction comports with due process 'remains whether the defendant purposefully established "minimum contacts" in the forum state.'"  Tatro v. Manor Care, Inc., 416 Mass. 763, 772 (1994), quoting Asahi Metal Indus. Co. v. Superior Court, 480 U.S. 102, 108-109 (1987).  The minimum contacts analysis has three prongs: the defendant must have purposefully availed itself of the privilege of conducting activities in the forum; the claim must arise out of or relate to the defendant's contacts with the forum; and the exercise of jurisdiction must not offend "traditional notions of fair play and substantial justice." Bulldog Investors Gen. Partnership v. Secretary of the Commonwealth, 457 Mass. 210, 217 (2010), quoting Tatro, supra at 773.

Prong one.  To determine whether Kwest purposefully availed itself of the privileges of conducting activities in Massachusetts, we look to the voluntariness and foreseeability

4

of its contacts here.  See Doucet v. FCA US, LLC, 492 Mass. 204, 211 (2023).  We ask whether Kwest had a "meaningful" connection to Massachusetts that was voluntarily undertaken, and whether it was reasonably foreseeable that Kwest would be brought into court in Massachusetts as a result.  Walden v. Fiore, 571 U.S. 277, 290 (2014).  See Doucet, supra.

Here, Kwest did not provide services or goods to any Massachusetts customer.  It did not solicit business in Massachusetts.  It did not advertise in Massachusetts.  It did not have offices or employees in Massachusetts.  Kwest merely hired Tracklite, a business with an office in Massachusetts. The subject of the subcontract was a construction project in Mississippi, and the plaintiffs' tort claims arose out of an accident that occurred in Mississippi.

Kwest's communications with Tracklite were not acts purposefully directed to Massachusetts.  Kwest did nothing to invoke the benefits and protections of Massachusetts's laws. Indeed, the subcontract was to be governed by the laws of Alabama.  A mere relationship between the parties -- as existed here -- was insufficient; what is required is "a quid for a quo that consists of the state's extending protection or other services to the nonresident."  Cote v. Wadel, 796 F.2d 981, 984 (7th Cir. 1986).

Prong two.  For Massachusetts to exercise jurisdiction consistent with due process, Kwest's "suit-related conduct must create a substantial connection with the forum State."  Walden, 571 U.S. at 284.  Put differently, there must be "a relationship between the actions voluntarily undertaken in the jurisdiction and the plaintiffs' claims."  Doucet, 492 Mass. at 213.  Here, the operation of the forklift and the supervision of the worksite both occurred in Mississippi.  The plaintiffs failed to meet their burden to prove that Kwest's allegedly tortious conduct was substantially connected to its contacts with Massachusetts.

Prong three.  Finally, we must consider whether the exercise of jurisdiction over Kwest would offend notions of "fair play and substantial justice" (citation omitted).  International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).  We look at Kwest's burden of appearing, Massachusetts's interest in adjudicating the claim, the plaintiffs' interests in obtaining convenient and effective relief, and "the common interests of all sovereigns in promoting substantive social policies."  Nowak v. Tak How Invs., 94 F.3d 708, 717 (1st Cir. 1996), cert. denied, 520 U.S. 1155 (1997).  Here the accident occurred in Mississippi, all the relevant nonparty witnesses are in Mississippi, and Mississippi law governs the tort claim.

Under these facts, it would offend traditional notions of fair play and substantial justice to require Kwest to defend itself in Massachusetts.  The complaint was properly dismissed as against Kwest.

Judgment entered November 2, 2023, affirmed.

By the Court (Blake, C.J., Ditkoff & D'Angelo, JJ.[6]),

*Paul Little*

Clerk

Entered:  December 27, 2024.

---

[6] The panelists are listed in order of seniority.