NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1332

KHALED ABDEL-FATTAH

vs.

MARK T. ENO & others.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

In 2023, the plaintiff, Khaled Abdel-Fattah, filed a complaint in Superior Court alleging a breach of fiduciary duty and seeking a declaratory judgment concerning a partnership agreement against the defendants, Mark and Christine Eno as well as Merrimack Enterprises, LLC.  After being defaulted, the Enos and Merrimack Enterprises, LLC, successfully removed the defaults and moved to dismiss the complaint.  After a nonevidentiary hearing, a Superior Court judge allowed the motion.[2]  The plaintiff appeals, and we affirm.

_____

[1] Christine Eno, Merrimack Enterprises, LLC, and KConstruction LLC.

[2] KConstruction LLC (KConstruction) was also a defendant in this action.  KConstruction did not join in the motion to

In 2022, New Hampshire's Hillsborough County Superior Court adjudicated a matter between these parties, where the same or similar claims were alleged.  The defendants here prevailed after trial in that action.[3]  That judgment was affirmed on appeal by the New Hampshire Supreme Court in Eno vs. Abdel-Fattah, N.H., No. 2022-0569, slip op. at 4 (Feb. 27, 2024), cert. denied, 145 S. Ct. 781 (2024).  While that matter was pending, the plaintiff here filed a complaint in New Hampshire that was dismissed as duplicative.  The plaintiff also filed two separate suits in the United States District Court for the District of Massachusetts alleging the same material facts, at docket numbers 1:20-CV-10894-RGS and 1:20-CV-10956-IT.  Both of those suits also were dismissed because the United States District Court held that the plaintiff could not establish personal jurisdiction over the defendants in Massachusetts.[4]

---

dismiss, but this case against KConstruction was dismissed by the Superior Court judge as well.

[3] Although Merrimack Enterprises, LLC and Christine Eno were not technically parties to the New Hampshire action, it is evident that the New Hampshire court adjudicated the liability of both (as well as of KConstruction) relative to the plaintiff.

[4] The judge could have also dismissed this case for lack of personal jurisdiction over the defendants.  The defendants have not transacted any business, had any interest, or had any domicile in Massachusetts.  Contrary to the plaintiff's assertion, Merrimack Enterprises, LLC was a New Hampshire limited liability company, and all its members were New Hampshire residents during the events in question.  Furthermore,

Article IV, § 1, of the United States Constitution provides that "[f]ull faith and credit shall be given in each state to the public acts, records, and judicial proceedings of every other state."  Heron v. Heron, 428 Mass. 537, 538 (1998).  Full faith and credit requires that we give to the judgment of the New Hampshire court the same finality that it would receive in New Hampshire.  See Id. at 538-539.

Here, the plaintiff sought a declaration from the Massachusetts Superior Court that the judgment in the New Hampshire case was void.  In the circumstances of this case, the judge was without the authority to do so, and she properly dismissed the complaint under the full faith and credit clause.

---

the plaintiff does not allege that the defendants have transacted any business, nor are they domiciled, in Massachusetts.  As alleged in the complaint, the causes of action do not arise from, or relate to, any of the defendants' conduct within Massachusetts.  Finally, the claimed injury is alleged to have occurred in New Hampshire, not Massachusetts. See Intech, Inc. v. Triple "C" Marine Salvage, Inc., 444 Mass. 122, 125 (2005); Tatro v. Manor Care, Inc., 416 Mass. 763, 772-773 (1994).

See <u>Bishins</u> v. <u>Richard B. Mateer, P.A</u>., 61 Mass. App. Ct. 423, 428 (2004).[5]

<u>Judgment affirmed</u>.

By the Court (Meade, Ditkoff & Toone, JJ.[6]),

*[signature]*

Clerk

Entered:  December 9, 2025.

---

[5] Given this resolution of the matter, there is no need to address the plaintiff's remaining claims.

[6] The panelists are listed in order of seniority.