NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-12517

CAROLINE ROCH  vs.  DAVID J. MOLLICA & another.[1]

Worcester.     October 2, 2018. - January 4, 2019.

Present (Sitting at Worcester):  Gants, C.J., Lenk, Gaziano,
Lowy, Budd, Cypher, & Kafker, JJ.

Jurisdiction, Personal, Nonresident.  Due Process of Law,
    Jurisdiction over nonresident.  Practice, Civil, Motion to
    dismiss.

Civil action commenced in the Superior Court Department on
April 11, 2017.

A motion to dismiss was heard by James G. Reardon, Jr., J.,
and a motion for reconsideration was considered by him.

The Supreme Judicial Court on its own initiative
transferred the case from the Appeals Court.

Traver Clinton Smith, Jr., for the plaintiff.
Paul E. Mitchell for the defendants.
Jennifer A. Creedon & Meghan L. Morgan, for Massachusetts
Defense Lawyers Association, amicus curiae, submitted a brief.

_____

[1] Donna Z. Mollica.

LOWY, J. The plaintiff, Caroline Roch, a New Jersey resident, sued defendants David and Donna Mollica, New Hampshire residents, in Superior Court for negligence. The claim arose out of an incident in Florida. A deputy sheriff served both defendants with in-hand process in Worcester. The defendants moved to dismiss for lack of personal jurisdiction pursuant to Mass. R. Civ. P. 12 (b) (2), 365 Mass. 754 (1974). A Superior Court judge allowed the motion to dismiss; the plaintiff appealed. The judge also denied the plaintiff's motion for reconsideration. We transferred the appeal from the Appeals Court on our own motion.[2]

We conclude that, as a matter of both State common law and due process, Massachusetts courts have personal jurisdiction

---

[2] Judgment on the defendants' motion to dismiss was entered on August 8, 2017. On August 15, 2017, the plaintiff served on the defendants a motion for reconsideration of defendants' motion to dismiss. On August 28, 2017, the plaintiff filed the motion for reconsideration of the motion to dismiss and a notice of appeal. The motion for reconsideration was decided in September 2017. Because the plaintiff did not file a new notice of appeal after the motion for reconsideration had been decided, she failed to comply with Mass. R. A. P. 4 (a), as amended, 464 Mass. 1601 (2013). We nevertheless decide the appeal. On the compressed time frame here, the concerns underlying rule 4 (a) are not implicated: no action on the appeal had yet been taken before the motion for reconsideration was decided. See Anthony v. Anthony, 21 Mass. App. Ct. 299, 301 (1985) ("There [is] little point in having an appeal work its way up the ladder from a judgment which might be altered"). The appeal has been briefed and argued, and we transferred it here to address the important issue that it presents.

over nonresident individuals who are served with process while intentionally, knowingly, and voluntarily in Massachusetts.[3] Because the defendants here were served under these circumstances, we reverse the judge's order allowing the defendants' motion to dismiss and remand to the Superior Court for proceedings consistent with this opinion.[4]

Background.  "When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of adducing facts on which jurisdiction may be found. . . . In considering a motion to dismiss for lack of personal jurisdiction, we accept as true the essential uncontroverted facts that were before the judge" (citation, alteration, and quotations omitted).  SCVNGR, Inc. v. Punchh, Inc., 478 Mass.

---

[3] Our holding applies only to individuals.  We do not address whether presence in the forum State when served with process confers personal jurisdiction over corporations.  Cf. Daimler AG v. Bauman, 571 U.S. 117, 139 (2014) (finding that foreign corporation was not "subject to suit [in forum State] on claims by foreign plaintiffs having nothing to do with anything that occurred or had its principal impact in [forum State]"); Brown v. Lockheed Martin Corp., 814 F.3d 619, 637 (2d Cir. 2016) ("federal due process rights likely constrain an interpretation that transforms a run-of-the-mill registration and appointment statute into a corporate 'consent' . . . to the exercise of general jurisdiction by [S]tate courts"); Martinez v. Aero Caribbean, 764 F.3d 1062, 1071 (9th Cir. 2014), cert. denied, 135 S. Ct. 2310 (2015) ("Burnham [v. Superior Court of Cal., 495 U.S. 604 (1990),] does not authorize tag jurisdiction over corporations").

[4] We acknowledge the amicus brief submitted by the Massachusetts Defense Lawyers Association.

324, 325 n.3 (2017), quoting Miller v. Miller, 448 Mass. 320, 321 (2007).

The uncontested facts are as follows.[5]  The plaintiff was a freshman member of the Worcester Polytechnic Institute softball team.  The defendants are the parents of the team's head coach.  During a spring training trip to Florida, the team and coaches visited with the defendants at a house the defendants had rented.  The house had a swimming pool.  As part of an initiation ritual, without warning, upperclassmen members of the team pushed the freshman members into the pool.  The plaintiff hit and injured her shoulder on the edge of the pool.  According to the complaint, the defendants "negligently allowed a dangerous act of initiation or hazing to be imposed upon" the plaintiff and "negligently failed to obtain or seek immediate medical attention and/or medical advice for" her.  The defendants were served with process while attending a softball game at Worcester State College in Worcester.

The judge held a nonevidentiary hearing on the defendants' motion to dismiss.  At the hearing, plaintiff's counsel contended that the Superior Court had personal jurisdiction over the defendants because the defendants were served in

_____

[5] We take these facts from the complaint and, to the extent they are favorable to the plaintiff, from the defendants' memorandum in support of their motion to dismiss.

Massachusetts.  The judge responded that service of process is conceptually distinct from personal jurisdiction, and suggested that personal jurisdiction was improper here because the plaintiff's case had no connection to Massachusetts.  The judge allowed the defendants' motion to dismiss in a summary order, reasoning, "Personal service on the Defendants does not confer jurisdiction on the court."

Discussion.  Massachusetts courts have personal jurisdiction over any person "domiciled in" the Commonwealth, G. L. c. 223A, § 2, and, in certain circumstances, over nonresidents.  The plaintiff argues that under the common-law rule of transient jurisdiction, a nonresident defendant's mere presence in the forum State when served with process confers personal jurisdiction over the defendant.[6]  See Burnham v.

_____

[6] The plaintiff also contends that there is a statutory basis for transient jurisdiction here.  We disagree.  The Legislature has codified transient jurisdiction in the context of support orders and parentage disputes.  See G. L. c. 209D, § 2-201 (a) (1).  But other statutes that seem to confer jurisdiction over nonresident defendants present in Massachusetts are inapposite, as they pertain to venue or service of process.  See G. L. c. 223, § 1 ("If neither party lives in the commonwealth, the action may be brought in any county"); G. L. c. 223, § 2 (district courts "shall have jurisdiction of a transitory action against a defendant who is not an inhabitant of the commonwealth, if personal service or an effectual attachment of property is made within the commonwealth; and such action may be brought in any of said courts in the county where the service or attachment was made"); G. L. c. 227, § 1 ("A personal action shall not be maintained against a person not an inhabitant of the commonwealth unless he

Superior Court of Cal., 495 U.S. 604, 629 n.1 (1990) (Brennan, J., concurring) (defining "transient jurisdiction" as "jurisdiction premised solely on the fact that a person is served with process while physically present in the forum State").  We recognized common-law transient jurisdiction as early as the Nineteenth Century.  In Peabody v. Hamilton, 106 Mass. 217, 220 (1870), we observed, "When the party is in the state, however transiently, and the summons is actually served upon him there, the jurisdiction of the court is complete, as to the person of the defendant."  This was identified as "the general rule of the common law."  Id.  See Ehrenzweig, The Transient Power of Personal Jurisdiction:  The "Power" Myth and Forum Conveniens, 65 Yale L.J. 289, 293-294 (1956) (contesting transient jurisdiction's historical origins but conceding that "there was true transient jurisdiction" in Peabody v. Hamilton).  See also Wright v. Oakley, 5 Met. 400, 402 (1843) (defendant "personally within [the State's] jurisdiction" is "liable to the jurisdiction of a court of the State").

    However, we also have stated that, "[f]or a nonresident to be subject to personal jurisdiction in Massachusetts, there must be a statute authorizing jurisdiction and the exercise of jurisdiction must be 'consistent with basic due process

---

or his agent . . . has been served with process in the commonwealth . . .").

requirements mandated by the United States Constitution.'"
Bulldog Investors Gen. Partnership v. Secretary of the
Commonwealth, 457 Mass. 210, 215 (2010), quoting Intech, Inc. v.
Triple "C" Marine Salvage, Inc., 444 Mass. 122, 125 (2005).
Caplan v. Donovan, 450 Mass. 463, 465, cert. denied, 553 U.S.
1018 (2008), quoting Good Hope Indus., Inc. v. Ryder Scott Co.,
378 Mass. 1, 5-6 (1979) ("[j]urisdiction is permissible only" if
both "authorized by statute" and "consistent with basic due
process requirements").  The only personal jurisdiction statute
that could possibly apply here is the long-arm statute, G. L.
c. 223A, § 3, which requires that the "cause of action . . .
aris[e] from" at least one of a list of acts or omissions
related to Massachusetts.[7]  But, as the plaintiff in essence
conceded in oral argument, the long-arm statute does not confer
personal jurisdiction here.  Instead, the plaintiff contends
that the long-arm statute need not be satisfied because the
defendants were served with process in Massachusetts.

---

[7] Other statutes conferring personal jurisdiction over
nonresident defendants are scattered throughout the General
Laws.  See, e.g., G. L. c. 104, § 9 (personal jurisdiction over
nonresident wholesalers); G. L. c. 110A, § 414 (h) (personal
jurisdiction over those who violate Uniform Securities Act);
G. L. c. 159C, § 12 (personal jurisdiction over nonresidents who
violate telemarketing solicitation laws); G. L. c. 201A, § 2 (b)
(personal jurisdiction over custodians under Uniform Transfers
to Minors Act); G. L. c. 203B, § 4 (c) (personal jurisdiction
over custodial trustees under Uniform Custodial Trust Act);
G. L. c. 209D, § 2-201 (a) (personal jurisdiction over
nonresidents in support order and parentage proceedings).

The Appeals Court has implicitly addressed the tension between common-law transient jurisdiction, on the one hand, and the requirement that personal jurisdiction be conferred by statute, on the other, by stating that the long-arm statute does not apply when there is in-State service of process.  See Schinkel v. Maxi-Holding, Inc., 30 Mass. App. Ct. 41, 45 (1991) ("There is no need to predicate jurisdiction over [defendant] on the long-arm statute.  Jurisdiction over his person was conferred by service of process in Boston").  Because we have not yet addressed this tension ourselves, we take the opportunity to clarify that, as a matter of both State common law and due process, Massachusetts courts have personal jurisdiction over nonresident individuals who are served with process while intentionally, knowingly, and voluntarily in Massachusetts.[8]

1.  Legislative intent.  We first consider whether the numerous statutes that address personal jurisdiction have supplanted the common-law rule of transient jurisdiction and

---

[8] Our personal jurisdiction cases, which address the due process clause but not the Massachusetts Constitution, indicate that the Massachusetts Constitution provides the same level of protection as the due process clause with regard to personal jurisdiction.  See, e.g., Exxon Mobile Corp. v. Attorney Gen., 479 Mass. 312, 314 (2018) (not mentioning Massachusetts Constitution and stating that personal jurisdiction over nonresident defendant "must satisfy . . . the requirements of the due process clause of the Fourteenth Amendment to the United States Constitution").

conclude that they have not. "[W]e should not interpret a statute 'as effecting a material change in or a repeal of the common law unless the intent to do so is clearly expressed.'" Brear v. Fagan, 447 Mass. 68, 72 (2006), quoting Pineo v. White, 320 Mass. 487, 491 (1946), superseded on other grounds by G. L. c. 209, § 1. We are not aware of a statute that expressly repeals common-law transient jurisdiction, and "[w]e decline to interject such an intent into the plain language of" the jurisdictional statutes. Page v. Commissioner of Revenue, 389 Mass. 388, 392 (1983) (discussing Uniform Commercial Code).[9] We acknowledge that an intent to repeal the common law "need not be explicitly stated in the statute." Reading Co-Op. Bank v. Suffolk Constr. Co., 464 Mass. 543, 549 (2013). However, we

---

[9] The Legislature has eliminated expressly transient jurisdiction in the context of modifying support orders. General Laws c. 209D, § 2-201 (a) (1), codifies transient jurisdiction with regard to support orders and parentage disputes. However, G. L. c. 209D, § 2-201 (b), states that "[t]he bases of personal jurisdiction set forth in subsection (a) or in any other law of the commonwealth may not be used to acquire personal jurisdiction . . . to modify a child support order of another state unless" other statutory requirements are met. That the Legislature has limited the use of transient jurisdiction with regard to modifying support orders is evidence that it has not eliminated transient jurisdiction as a general matter.

have not found any authority implicitly repealing transient jurisdiction.[10]

2.  The common-law rule.  We also decline to repeal our common-law rule as it applies to defendants who are intentionally, knowingly, and voluntarily in the Commonwealth. See Burnham, 495 U.S. at 627-628 (opinion of Scalia, J.) (affirming lower court's exercise of transient jurisdiction as matter of due process but observing that "[n]othing we say today prevents individual States from limiting or entirely abandoning the in-state-service basis of jurisdiction").

---

[10] The Legislature did not implicitly repeal common-law transient jurisdiction when it enacted the long-arm statute in 1968.  See St. 1968, c. 760.  The long-arm statute established a list of ways to exercise personal jurisdiction over nonresident defendants, and presence in Massachusetts was not included on that list.  However, statutes conferring personal jurisdiction through implied consent and presence already existed when the Legislature enacted the long-arm statute.  See, e.g., G. L. c. 90, § 3B, inserted by St. 1923, c. 431, § 2 (implicitly appointing in-State agent for service of process for any driver involved in an "accident or collision" in Massachusetts); G. L. c. 223, § 38, inserted by St. 1906, c. 269 (discussing service of process on foreign corporations).  If the Legislature intended the long-arm statute to be comprehensive, it would have been effectively abolishing these other statutes.  But the Appeals Court has held, and we agree, that at least one of these laws continues to provide a basis for personal jurisdiction. See Campbell v. Frontier Fishing & Hunting, Ltd., 10 Mass. App. Ct. 53, 55 (1980) ("[G. L. c. 223, § 38,] is independently viable and has not been supplanted by G. L. c. 223A").  See also In re Lupron Mktg. & Sales Practices Litig., 245 F. Supp. 2d 280, 300 n.43 (D. Mass. 2003) ("Massachusetts provides an alternative statutory basis for asserting jurisdiction over a foreign corporation through its 'soliciting business' statute, [G. L.] c. 223, § 38").  Therefore, we do not read the long-arm statute to be an exclusive list.

"[T]he mere longevity of the rule does not by itself provide cause for us to stay our hand if to perpetuate the rule would be to perpetuate inequity. When the rationales which gave meaning and coherence to a judicially created rule are no longer vital, and the rule itself is not consonant with the needs of contemporary society, a court not only has the authority but also the duty to reexamine its precedents rather than to apply by rote an antiquated formula." Lewis v. Lewis, 370 Mass. 619, 628 (1976). Nevertheless, "adhering to precedent is our preferred course" (quotation omitted). Shiel v. Rowell, 480 Mass. 106, 108 (2018), quoting Payne v. Tennessee, 501 U.S. 808, 827 (1991). A consistent common law creates predictability, Shiel, supra, and predictability is especially important in areas, such as personal jurisdiction, "in which reliance upon existing judicial precedent often influences individual action" (citation omitted). Id. at 109.

According to the United States Supreme Court, the rule of transient jurisdiction is well established across the country. In Burnham, 495 U.S. at 628, the Supreme Court upheld as constitutional the exercise of personal jurisdiction over a nonresident defendant who was served with process while visiting the forum State. Although the Supreme Court issued multiple opinions in the Burnham case, none of which garnered a majority or a plurality of votes, all nine Justices agreed that transient

jurisdiction is widely accepted among the States.[11]  See id. at 610 (opinion of Scalia, J.) ("Among the most firmly established principles of personal jurisdiction in American tradition is that the courts of a State have jurisdiction over nonresidents who are physically present in the State"); id. at 635-636 (Brennan, J., concurring) ("however murky the jurisprudential origins of transient jurisdiction, . . . American courts have announced the rule for perhaps a century"); id. at 640 (Stevens, J., concurring) (basing opinion in part on "the historical evidence and consensus identified by Justice Scalia").

In addition, we are unwilling to repeal the common-law rule because, where personal jurisdiction is based solely on a defendant having been served with process while intentionally, knowingly, and voluntarily in the Commonwealth, a judge still has discretion to protect a defendant by dismissing the case under the doctrine of forum non conveniens, thereby allowing a case to be tried elsewhere.  See Oxford Global Resources, LLC v. Hernandez, 480 Mass. 462, 472-473 (2018) (describing forum non conveniens); Pulte Computer Corp. vs. Debus, Boston Mun. Ct., App. Div. No. 132666 (Dec. 14, 1990) (considering forum non

---

[11] Justice Scalia's opinion of the Court was joined by two Justices in whole and by Justice White in part.  Justice White wrote his own concurring opinion, as did Justice Stevens. Justice Brennan wrote a concurring opinion joined by three other Justices.

conveniens after finding personal jurisdiction based on defendant's presence in Massachusetts when served with process). See also Burnham, 495 U.S. at 639 (Brennan, J., concurring) ("any burdens that do arise [from transient jurisdiction] can be ameliorated by a variety of procedural devices").[12]

Furthermore, we are not persuaded by the argument that transient jurisdiction is an outdated vestige of the era in which personal jurisdiction was based solely on State control over people and property within its territory. Under this view, personal jurisdiction is now based on fairness, and transient jurisdiction is not "fair." Here, the defendants argue that "the plaintiff urges the Court to turn back the clock . . . and bow to tradition, disregarding contemporary notions of due process requiring that litigation in the forum be foreseeable by

---

[12] The defendants here argue for dismissal on grounds of forum non conveniens. But they did not raise this issue below, and the forum non conveniens inquiry is fact-intensive. See W.R. Grace & Co. v. Hartford Acc. & Indem. Co., 407 Mass. 572, 577 (1990) ("A decision whether to dismiss an action under the doctrine of forum non conveniens . . . depends greatly on the specific facts of the proceeding before the court"). Therefore, we do not address this argument on the limited record before us. See Aetna Cas. & Sur. Co. v. Continental Cas. Co., 413 Mass. 730, 734-735 (1992) ("A prevailing party is . . . entitled to argue on appeal that the judge was right for the wrong reason, even relying on a principle of law not argued below. If, however, the new argument depends on facts not established in the record, we cannot accept the new argument on appeal"). Cf. Gianocostas v. Interface Group-Mass., Inc., 450 Mass. 715, 716, 723-727 (2008) (conducting forum non conveniens analysis when issue was raised below and relevant affidavits were in record).

the defendant."  However, transient jurisdiction is no more onerous than the Massachusetts long-arm statute, the validity of which the defendants here do not question.  A nonresident defendant who is subject to the jurisdiction of Massachusetts courts under the long-arm statute will suffer the same hardship as a nonresident defendant who must litigate in Massachusetts after being served with process in the Commonwealth.

Additionally, we adopt Justice Brennan's approach to "the fairness of the prevailing in-state service rule" in the Burnham case.  Burnham, 495 Mass. at 629 (Brennan, J., concurring).  Although Brennan's analysis occurred in the due process context, it explains why transient jurisdiction is fair to defendants.  "The transient rule is consistent with reasonable expectations . . . ."  Id. at 637.  "By visiting the forum State, a transient defendant actually avails himself . . . of significant benefits provided by the State.  His health and safety are guaranteed by the State's police, fire, and emergency medical services; he is free to travel on the State's roads and waterways; he likely enjoys the fruits of the State's economy . . ."; and he may sue in the State's courts (quotation omitted).  Burnham, supra at 637-638, quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476 (1985).  There is nothing unfair about subjecting to the State's judicial processes someone who benefits from these services.  Id. at 638 ("Without transient

jurisdiction, an asymmetry would arise:  A transient would have the full benefit of the power of the forum State's courts as a plaintiff while retaining immunity from their authority as a defendant").  Finally, "modern transportation" and "procedural devices" such as forum non conveniens, discussed supra, mean that "[t]he potential burdens on a transient defendant are slight" (alteration and quotation omitted).  Id. at 638-639, quoting Burger King Corp., supra at 474.

On balance, the weakness of the arguments in favor of abolishing transient jurisdiction, our general reluctance to modify the common law, the United States Supreme Court's analyses of transient jurisdiction among the States, and the availability of forum non conveniens result in our decision to reaffirm the common-law rule of transient jurisdiction for defendants who are intentionally, knowingly, and voluntarily in the Commonwealth.  See Shiel, 480 Mass. at 112 (declining "to fell judicial precedent").  Here, the defendants were served with process while attending a softball game in Massachusetts.  Therefore, they were served while knowingly and voluntarily visiting the Commonwealth for a particular purpose, namely, to attend a sporting event.  Personal jurisdiction over them was proper as a matter of State law.

3.  Due process.  Finally, we address whether exercising personal jurisdiction over the defendants satisfies due process.

See SCVNGR, Inc., 478 Mass. at 330 (clarifying that constitutional inquiry should follow, rather than precede, State-law analysis).  Guided by the United States Supreme Court's decision in the Burnham case, we conclude that it does.  In the Burnham case, 495 U.S. at 628, the Supreme Court unanimously affirmed the lower court's exercise of personal jurisdiction "based on the fact of in-state service of process." The reasoning of the various opinions makes clear that at least eight of the Justices on the Burnham court would uphold the constitutionality of transient jurisdiction over defendants who are intentionally, knowingly, and voluntarily in the forum State when served with process.  See id. at 619 (opinion of Scalia, J.) ("jurisdiction based on physical presence alone constitutes due process because it is one of the continuing traditions of our legal system");  id. at 628 (White, J., concurring) ("claims in individual cases that the [transient jurisdiction] rule would operate unfairly as applied to the particular nonresident involved need not be entertained.  At least this would be the case where presence in the forum State is intentional, which would almost always be the fact"); id. at 640 (Brennan, J., concurring) ("In this case, it is undisputed that petitioner was served with process while voluntarily and knowingly in the State

of California.  I therefore concur in the judgment").[13]  As already discussed, the defendants here were served while intentionally, knowingly, and voluntarily in Massachusetts to watch a softball game.  Therefore, personal jurisdiction over them also satisfies due process.[14]

Conclusion.  Because personal jurisdiction over the defendants comports with both State law and due process, the order of the Superior Court allowing the defendants' motion to dismiss is reversed, and the matter is remanded to the Superior Court for proceedings consistent with this opinion.

So ordered.

---

[13] Because Justice Stevens did not base his conclusion on any particular doctrinal framework, we do not address his analysis.  See Burnham, 495 U.S. at 640 (Stevens, J., concurring).

[14] Although not necessary to our decision, other undisputed connections between the defendants and Massachusetts are apparent from the record.  The defendants hosted the softball team of the Worcester Polytechnic Institute (WPI), which is located in Massachusetts, at the defendants' property in Florida, and the alleged tort occurred during the team's visit. The WPI team had traveled to Florida during a "similar" trip in the past, although it is unclear whether they visited the defendants on that earlier trip.  The defendants' daughter coached the WPI team at the time of the alleged tort.  And the defendants were served with process while attending a softball game at Worcester State College.