NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-761

YACOUB KERYAKES

vs.

CHRISTINE KERYAKES.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff father appeals from a ruling by a judge of the Probate and Family Court modifying the terms of the parties' separation agreement relative to the parenting plan. The father claims that the judge erred in: (1) granting the defendant mother sole legal custody; (2) not ordering the mother to contribute to the cost of their son's traveling between the parents' homes in New Jersey and Massachusetts; (3) reducing the father's parenting time; and (4) granting the mother's attorney fees. We affirm.

The parties were divorced on November 16, 2017. They have one child together, born July 4, 2008. At the time of their divorce, they entered into a separation agreement which included a parenting plan that was incorporated and merged into the judgment of divorce. Under the original separation agreement,

the parties shared joint legal custody.  The mother had physical custody and, in the event an agreement could not be reached, had final decision-making authority.  The father had parenting time pursuant to an agreed upon schedule.

On May 22, 2019, the father, claiming changed circumstances, filed a complaint for modification of the parenting plan.[1]  To aid the court's assessment of this claim, the parties stipulated to the appointment of a guardian ad litem (GAL) and agreed to share her fees.

As an initial matter, the mother argues that the appeal should be dismissed, and has filed a motion to strike the father's brief.  She maintains that the appeal was untimely under Mass. R. A. P. 4 (a) and that it must be dismissed.  In our discretion, we will consider the appeal.  See Roch v. Mollica, 481 Mass. 164, 165 n.2 (2019) (exercising discretion to consider the merits of the appeal because "the concerns underlying rule 4(a) are not implicated:  no action on the appeal had yet been taken before the motion for reconsideration was decided").  The motion to strike the father's brief is denied.

---

[1] Throughout the pendency of the proceedings, the father filed (and withdrew) additional complaints for modification, as well as amendments to prior complaints.

"We review the judgment and the subsidiary findings of fact for abuse of discretion or other error of law." E.K. v. S.C., 97 Mass. App. Ct. 403, 409 (2020), quoting Murray v. Super, 87 Mass. App. Ct. 146, 148 (2015). "A trial judge's findings of fact will not be set aside unless clearly erroneous." E.K., supra at 409, quoting Altomare v. Altomare, 77 Mass. App. Ct. 601, 602 (2010). "The reviewing court will give due regard to the judge's assessment and determination of credibility of the witnesses and the weight of the evidence." E.K., supra at 409. "Unless there is no basis in the record for the judge's decision, we defer to the judge's evaluation of the evidence presented at trial" (citation omitted). Ardizoni v. Raymond, 40 Mass. App. Ct. 734, 737 (1996).

Here, the judge carefully considered the father's claim that changed circumstances required modification of the parenting plan. The claimed changes included that: (1) the current parenting plan is difficult to work with; (2) the mother attempted to limit communication between the father and child; (3) the child has experienced mental health challenges and shown poor school performance; and (4) the father has had a drastic change in economic circumstances. After carefully weighing the evidence presented, the judge concluded that the father had not proven a change in physical custody was in the child's best interests and, because of the parties' inability to communicate

3

effectively with one another, granted sole legal custody to the mother.

The judge's detailed findings of fact are amply supported by the record.  At the modification hearing, the judge heard testimony from both parties, as well as from the father's girlfriend.  The judge also considered two reports from the GAL appointed in this case.  The judge credited findings by the GAL, including that:  (1) the conflict between the parties "has been challenging at best"; (2) the father's assertion that the child is at risk with the mother is baseless; and (3) the mother and child have a loving and engaged relationship, with no signs of strain.  The judge found that none of the professionals involved in the child's care support the father's criticism of the mother.  The judge also found the father to be an obstructionist, escalating and exaggerating situations when it comes to the child.  These findings led the judge to conclude that the current custody arrangement was not working, and that the litigation initiated by the father and conflict between the parties are unhelpful to the child's success.  The judge accurately summarized and applied the governing law; we discern no abuse of discretion or error of law in the judge's

4

modification of the separation agreement.  The mother's request for appellate attorneys' fees is denied.

Amended judgment affirmed.

By the Court (Neyman,
   Hershfang & Hodgens, JJ.[2]),

Assistant Clerk

Entered:  May 2, 2024.

---

[2] The panelists are listed in order of seniority.