NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-130

DURGAPRASAD N. RAO

vs.

VANAJA A. SUDHAKAR.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Plaintiff Durgaprasad N. Rao, a Massachusetts resident, appeals from the dismissal of his Superior Court complaint against his sister, defendant Vanaja A. Sudhakar, an Illinois resident, for lack of personal jurisdiction.  We affirm.

Background.  "When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of adducing facts on which jurisdiction may be found" (citation omitted).  Roch v. Mollica, 481 Mass. 164, 165 (2019).  "In considering a motion to dismiss for lack of personal jurisdiction, we accept as true the essential uncontroverted facts that were before the judge" (citation omitted).  Id.  We set forth the facts pertinent to jurisdiction as alleged in the

verified complaint and the plaintiff's affidavit in opposition to the defendant's motion to dismiss for lack of jurisdiction. We also consider uncontroverted facts set forth in the defendant's affidavit and exhibits attached to her motion to dismiss.  See id. at 166 n.5.

Beginning in 2013, the parties' parents, Narayana Rao (father) and Sarojini N. Rao (mother), were living in Illinois and were dependent on the defendant to help them with important decisions.  During this time, the defendant allegedly manipulated the parents into disinheriting the plaintiff by tactics including lying to them about the plaintiff's commitment to their family.

In November 2018, the father and the mother each executed a will and a revocable trust in accordance with their estate plan. At issue here is the mother's trust, the second amendment and second restatement of the Sarojini N. Rao Trust (trust).[1]  The trust names the mother as trustee, and during her lifetime she served as its sole trustee.  The trust names the defendant as successor trustee.  The trust provides that upon the mother's death, the trust estate shall be distributed to the defendant and other family members, but excludes the plaintiff as a

---

[1] The mother created the trust in 1996 and first amended and restated it in 2015.

2

beneficiary.  Article 1.1 states, "For reasons personal and sufficient to me, I am intentionally not providing for my son [the plaintiff]."

In July 2020, the father died in Illinois.  During the summer of 2020, in the mother's presence, the defendant told the plaintiff that the mother's will and the trust had cut the plaintiff out of the family inheritance.  In contrast, the mother repeatedly told the plaintiff that she intended for the defendant, the plaintiff, and her grandson to receive equal shares of the inheritance.

In September 2020, the mother went to Massachusetts, where she lived with the plaintiff and his family.  The defendant, who remained in Illinois, telephoned the mother every other day. According to the plaintiff, during these telephone calls, the mother asked the defendant about her own assets and the trust, but the defendant deflected the questions and avoided giving the mother information.  Instead, the defendant emotionally manipulated the mother in efforts to coerce the mother into giving the defendant more money.  The mother told both parties that she wanted the plaintiff to be included in her will and in the trust.  The mother asked the defendant to contact the mother's estate attorney to effect these changes, and the defendant agreed to do so, but then never did.

In July 2021, the mother died in Massachusetts. Her original death certificate stated that at the time of her death she resided in Massachusetts.

In August 2021, the defendant accepted appointment as successor trustee of the trust and appointed the plaintiff as cotrustee, which he accepted. Both the plaintiff and the defendant were advised in writing by an Illinois lawyer on tax and other issues arising from whether the mother was a resident of Illinois or Massachusetts at the time of her death. As advised by the lawyer, the defendant filed to revise the death certificate to state that the mother's residence at the time of her death was Illinois. In September 2021, both parties signed a petition for probate and an affidavit of heirship, which were subsequently filed in the Probate Division of the Champaign County Circuit Court. In each of those documents, the plaintiff averred under the pains and penalties of perjury that the mother's residence at the time of her death was Illinois.

In July 2022, the plaintiff filed this action against the defendant, claiming (1) undue influence and (2) fraud, each based on the defendant's alleged manipulation of the mother that led to the plaintiff's disinheritance; (3) intentional interference with expectancy, based on the defendant's continued manipulation of the mother in telephone calls; and (4) unjust enrichment, based on the defendant's inheriting the plaintiff's

4

share of the mother's estate.[2]  A week later, the plaintiff filed

a nearly identical complaint against the defendant in Illinois,

where that action remains pending.[3]

A Superior Court judge allowed the defendant's motion to

dismiss for lack of personal jurisdiction pursuant to Mass. R.

Civ. P. 12 (b) (2), 365 Mass. 754 (1974).  This appeal followed.

Discussion.  "We review the question of personal

jurisdiction de novo."  Sullivan v. Smith, 90 Mass. App. Ct.

743, 746-747 (2016).  "In order for a court to exercise personal

jurisdiction over a defendant, the assertion of jurisdiction

must be both authorized by statute and consistent with due

process" (citation omitted).  Id. at 747.

The plaintiff argues that Massachusetts courts' personal

jurisdiction over the defendant is conferred by either of two

Massachusetts statutes:  the jurisdiction provision of the

---

[2] The complaint also contained a count for intentional
infliction of emotional distress, alleging that the defendant
caused the father's premature death.  Because the father died in
Illinois, the judge dismissed that count for lack of personal
jurisdiction on the grounds that any alleged conduct by the
defendant did not occur in Massachusetts or amount to the
transaction of business here.  On appeal, the defendant does not
raise any issue with respect to the dismissal of that claim, and
so we do not consider any such issue.

[3] The Illinois complaint does not contain a count for
intentional infliction of emotional distress.  See note 2 supra.
The Illinois complaint includes as a defendant the mother's
grandson, who is not named as a defendant in the Massachusetts
action.

Uniform Trust Code (UTC), G. L. c. 203E, § 202 (a), or the long-arm statute, G. L. c. 223A, § 3.  In addition, the plaintiff argues that the judge erred in concluding that exercising Massachusetts jurisdiction over the defendant would not comport with due process.

1.  <u>Jurisdiction under the Uniform Trust Code</u>.  The plaintiff contends that when the mother moved from Illinois to Massachusetts in September 2020 and resided here until she died in July 2021, the trust's place of administration was transferred to Massachusetts, and therefore when the defendant accepted the appointment as successor trustee in August 2021 she consented to Massachusetts jurisdiction.  In making this argument, the plaintiff relies on G. L. c. 203E, § 202 (a), and Massachusetts cases construing it.  However, under the terms of the trust, Illinois law applies.

Article 9.11 of the trust provides:  "The validity and effect of each trust and the construction of this instrument and of each trust shall be determined in accordance with the laws of Illinois."  Thus, in determining the place of administration of the trust, we apply Illinois law.[4]  Article 9.11 of the trust

---

[4] We note that, even were we to apply Massachusetts law, the result would be the same.  Both Illinois and Massachusetts have adopted the UTC, and both have enacted similar statutes identifying the principal place of administration of a trust, 760 ILCS 3/108(a); G. L. c. 203E, § 108 (a), and conferring personal jurisdiction over a trustee of a trust with a principal

6

further provides: "The original situs and original place of administration of each trust shall also be Illinois, but the situs and place of administration of any trust may be transferred at any time to any place the trustee determines to be for the best interests of the trust."

The Illinois UTC statute confers jurisdiction over a trustee of a trust "having its principal place of administration in" Illinois. 760 ILCS 3/202(a). In determining the principal place of administration of the trust, we look to 760 ILCS 3/108(a). That statute provides:

> "Without precluding other means for establishing a sufficient connection with the designated jurisdiction, the terms of a trust designating the principal place of administration are valid and controlling if:
>
> "(1) a trustee's principal place of business is located in or a trustee is a resident of the designated jurisdiction; or
>
> "(2) all or part of the administration occurs in the designated jurisdiction."

760 ILCS 3/108(a).

Applying 760 ILCS 3/108(a) to the case before us, we conclude that the plaintiff did not meet his burden under 760 ILCS 3/108(a)(1) to establish that at the time of her death the mother was no longer a resident of Illinois, the jurisdiction designated by Article 9.11 as the trust's principal place of

_____

place of administration in the applicable State, 760 ILCS 3/202(a); G. L. c. 203E, § 202 (a).

7

administration.  As to the mother's place of residence, the Superior Court judge noted that "the record . . . suggests that she remained a resident of Illinois."  Through the trust, the mother still owned a house in Urbana, Illinois.  Her amended death certificate states that at the time of her death her residence was Illinois.  In probate court documents, the plaintiff averred that the mother's residence at the time of her death was Illinois.  To contravene those facts, the plaintiff averred in his affidavit that the mother brought all of her necessary belongings to Massachusetts, received medical treatment here, and had medical bills sent to the plaintiff's home.  The plaintiff asserted that the mother had "the intention of living here permanently," "did not intend to return to Illinois to reside there," and "also planned on selling her house in Urbana, Illinois."[5]  Even assuming, without deciding, that the plaintiff has borne his burden under 760 ILCS 3/108(a)(1) of proving that at the time of her death the mother was no longer a resident of Illinois, the trust's designated place of administration, he has not satisfied the second part of that statute.

_____

[5] Neither the complaint nor the plaintiff's affidavit asserts that the mother communicated those intentions to anyone. For the purposes of our analysis, we assume that the plaintiff could prove that the mother had those intentions.

The second part of the statute, 760 ILCS 3/108(a)(2), provides that a trust's designation of its principal place of administration remains effective so long as "all or part of the administration of the trust occurs in the designated jurisdiction," here, Illinois.  760 ILCS 3/108(a)(2).  The trust's designation of Illinois as its place of administration remains valid "even where there is an out-of-state trustee, so long as at least some part of the trust's administration occurs in Illinois."  Silver v. Horneck, 2021 IL App (1st) 201044 ¶ 45 (2021).  We conclude that "all or part" of the trust's administration occurs in Illinois.  The judge found that the trust has an "overwhelming connection to Illinois."  The mother executed the trust in Illinois, designated Illinois as its place of administration, and appointed as successor trustee the defendant, an Illinois resident.  All trust assets are in Illinois, including bank accounts and the house in Urbana.[6]  The trust has filed Federal and Illinois tax returns, using an Illinois address and prepared by accountants in Illinois.

---

[6] There is no information in the record that the trust owned any property in Massachusetts.  As a result, the plaintiff misplaces his reliance on Mallory v. Norfolk S. Ry. Co., 600 U.S. 122, 138 (2023), which involved a defendant Virginia corporation that was subject to jurisdiction in Pennsylvania, where it had registered to do business, employed nearly 5,000 people, and owned property.

9

Article 2.1 of the trust reserved to the mother the right to amend the trust "in whole or in part by instrument . . . signed by me," but we are aware of no such instrument signed by the mother amending the trust to change the designation of its place of administration.  The judge concluded that there was no evidence before him to suggest that the mother changed or manifested an intent to change the place of administration of the trust to Massachusetts.  The plaintiff concedes that while in Massachusetts the mother did not actively manage the trust.  Indeed, the plaintiff's affidavit avers that the mother "did not have a complete picture of . . . how the [trust] operated" and "confided in [him] that she had not read her will or the Trust instrument when she signed them."

In those circumstances, Article 9.11 of the trust, designating Illinois as the situs and principal place of administration of the trust, is "valid and controlling," 760 ILCS 3/108(a).  And because the trust's principal place of administration remained in Illinois, the defendant's acceptance of her appointment as successor trustee did not amount to any consent to be subject to the jurisdiction of the courts of Massachusetts pursuant to the UTC, 760 ILCS 3/202(a).  See G. L. c. 203E, § 202 (a).  The plaintiff did not meet his burden to establish jurisdiction in Massachusetts under the UTC.

2.  Long-arm statute.  The plaintiff contends that the judge erred in concluding that the defendant was not subject to jurisdiction in Massachusetts courts under the long-arm statute, G. L. c. 223A, § 3.  That statute provides:

> "A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from the person's
>
> "(a) transacting any business in this commonwealth; [or]
>
> . . .
>
> "(c) causing tortious injury by an act or omission in this commonwealth."

G. L. c. 223A, § 3 (emphasis added).

The plaintiff argues that the defendant's statements in regular telephone calls to the mother in Massachusetts constituted either the transaction of business under § 3 (a), or acts or omissions causing tortious injury under § 3 (c).[7]  We are not persuaded.  The Massachusetts long-arm statute requires that the plaintiff's cause of action "aris[e] from" the defendant's transaction of business, or act or omission, in Massachusetts. The defendant's conduct in Massachusetts must be a "but for" cause, i.e., "the first step in the train" that led to the cause of action.  Tatro v. Manor Care, Inc., 416 Mass. 763, 770 (1994)

_____

[7] The plaintiff asserts that the defendant's telephone calls to the mother in Massachusetts served as the basis for his claims for intentional interference and unjust enrichment, and not his claims for fraud and undue influence.

11

(after having solicited business from at least ten Massachusetts clients, California hotel transacted business in Massachusetts by accepting plaintiff's room reservation by telephone). See Doucet v. FCA US LLC, 492 Mass. 204, 209 (2023). The plaintiff alleges that for several years before the mother moved to Massachusetts, the defendant perpetrated a scheme to manipulate both parents into disinheriting the plaintiff, and then continued that scheme by communications to the mother in telephone calls to Massachusetts. In those circumstances, the defendant's alleged statements in telephone calls to the mother in Massachusetts did not give rise to the plaintiff's cause of action.

The plaintiff has not alleged that in those telephone calls the defendant engaged in communications that would amount to the transaction of business under § 3 (a), such as the purchase or sale of property in Massachusetts. Contrast Nile v. Nile, 432 Mass. 390, 396-397 (2000) (trustee transacted business in Massachusetts by negotiating divorce settlement in Massachusetts court and funding trust with proceeds of sale of Massachusetts corporation); Haddad v. Taylor, 32 Mass. App. Ct. 332, 335 (1992) (New York attorney transacted business in Massachusetts by negotiating sale of real estate by telephone).

Nor has the plaintiff alleged that in those telephone calls the defendant inflicted any tortious injury upon the mother or

the plaintiff that might subject the defendant to personal jurisdiction under § 3 (c).  See Caplan v. Donovan, 450 Mass. 463, 466 (2008) (no personal jurisdiction over Florida defendant who repeatedly telephoned plaintiff ex-girlfriend in Massachusetts, absent evidence he made threats or harassing statements).  See also Morrill v. Tong, 390 Mass. 120, 130-131 (1983) (no personal jurisdiction over defendant father, a resident of Spain, who sent child support to Massachusetts and telephoned children here).

The plaintiff has not met his burden to establish personal jurisdiction over the defendant under the Massachusetts long-arm statute.

3.  Constitutional due process.  Having concluded that neither the Illinois UTC nor our long-arm statute confers jurisdiction over the defendant, "we need not inquire into the constitutional constraints on the exercise of jurisdiction under the statute[s]."  Morrill, 390 Mass. at 133.  We briefly note that we concur with the judge that for Massachusetts courts to exercise personal jurisdiction over the defendant would not comport with due process.  The only connections that this suit has with Massachusetts is that the plaintiff lives here and, for ten months in 2020 and 2021, the defendant regularly telephoned the mother while she was living here.  See Moelis v. Berkshire Life Ins. Co., 451 Mass. 483, 488 (2008).  Moreover, the

13

plaintiff has brought nearly identical claims in a court in Illinois. See Nile, 432 Mass. at 397, citing Keats v. Cates, 100 Ill. App. 2d 177, 188 (1968).

Judgment affirmed.

By the Court (Ditkoff, Grant & Toone, JJ.[8]),

Clerk

Entered: April 10, 2025.

---

[8] The panelists are listed in order of seniority.

14