NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-476

IN THE MATTER OF THE ESTATE OF ROBERT WILLIAM ALLARD.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

After a Probate and Family Court judge admitted a contested will to probate and denied the objector's petition for adjudication of intestacy, the proponent of the will filed a motion for attorney's fees and costs (fee motion), which the judge denied.  While the fee motion was pending, the objector filed a timely notice of appeal from the underlying judgment. The judge dismissed the objector's timely notice of appeal, however, on the ground that he failed to file a second notice of appeal after disposition of the fee motion.  Concluding that the objector's failure to file a second notice of appeal does not warrant forfeiture of his appellate rights, we exercise our discretion to reverse the order dismissing the appeal.

Background.  John Allard (objector) filed a petition for formal adjudication of intestacy and appointment as the personal

representative of the estate of his brother, Robert W. Allard (the decedent), alleging that the decedent died without a valid will. Almost simultaneously, Brian Allard (proponent), also a brother of the decedent, filed a petition for formal probate of the decedent's contested will and requested appointment as personal representative of the estate as provided in the will. After a two-day trial on both matters, the judge allowed the proponent's petition for probate of the will, dismissed the objector's petition for adjudication of intestacy, and appointed a neutral special personal representative. Final judgment on all matters was entered on September 14, 2023.

Eleven days later, on September 25, 2023, the proponent filed the fee motion, citing Mass. R. Civ. P. 52 (b), as amended, 423 Mass. 1402 (1996), Mass. R. Civ. P. 59 (e), 365 Mass. 827 (1974),[1] G. L. c. 215, § 45, and G. L. c. 231, § 6F, and requested attorney's fees on the grounds that the objector was unreasonable in refusing to accept a settlement agreement and that his claims were "without merit . . . wholly insubstantial, frivolous and not advanced in good faith." On October 12, 2023, while the fee motion was pending, the objector filed a notice of appeal from the September 14 judgment. The

---

[1] A procedural order that the judge issued after the pretrial conference provided, "Following the issuance of a judgment, a Motion to Alter or Amend, requesting attorney's fees, may be filed by either party."

judge denied the fee motion on November 7, 2023.  The objector did not file another notice of appeal after disposition of the fee motion.

In January 2024, the proponent filed a motion to dismiss the October 12 notice of appeal as defective, arguing that it was automatically void under Mass. R. A. P. 4 (a) (3), as appearing in 481 Mass. 1606 (2019).  After a hearing, the judge allowed the motion to dismiss.  The objector timely appealed from the dismissal of his appeal.

Discussion.  As relevant here, Mass. R. A. P. 4 (a) (1), requires that, in civil cases, the notice of appeal "shall be filed with the clerk of the lower court within 30 days of the date of the entry of the judgment, decree, appealable order, or adjudication appealed from."  The objector's October 12 notice of appeal was timely under rule 4 (a) (1).

The rules enumerate certain motions that, when filed within ten days of the judgment, toll the time for filing a notice of appeal.  See Mass. R. A. P. 4 (a) (2).  Among the enumerated motions are motions to amend or make additional findings of fact under Mass. R. Civ. P. 52 (b), and motions to alter or amend a judgment under Mass. R. Civ. P. 59 (e).  See Mass. R. A. P. 4 (a) (2) (B), (C).  When one of the enumerated motions is filed, "the time to file an appeal runs for all parties from the entry of the order disposing of the last remaining motion."

Mass. R. A. P. 4 (a) (2). Furthermore, if a notice of appeal is filed before the disposition of any of the enumerated motions, the rule provides that it "shall have no effect" and "[a] new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the last such remaining motion." Mass. R. A. P. 4 (a) (3).

The proponent filed the fee motion within the requisite ten-day period.[2] Therefore, if the fee motion was a true rule 52 (b) or rule 59 (e) motion, the October 12 notice of appeal would have no effect under the current version of Mass. R. A. P. 4 (a) (3). The objector argues, however, that as a matter of substance as opposed to form, the fee motion was collateral to the underlying judgment and not a true rule 52 (b) or rule 59 (e) motion. Therefore, the objector reasons, the fee motion did not toll the time for the objector to file his notice of appeal, and the notice of appeal did not become ineffective under Mass. R. A. P. 4 (a) (3).

The objector's contention has substantial force. See Budinich v. Becton Dickinson & Co., 486 U.S. 196, 199-202 (1988) (unresolved question of attorney's fees separate from and does

_____

[2] The judgment entered on September 14, 2023, and the fee motion was filed eleven calendar days later, on September 25, 2023. Because September 24 was a Sunday, the ten-day filing period was extended to the following Monday. See Mass. R. A. P. 14 (a), as appearing in 481 Mass. 1626 (2019).

4

not affect finality of underlying litigation); White v. New Hampshire Dep't of Employment Sec., 455 U.S. 445, 451 (1982) (request for attorney's fees under 42 U.S.C. § 1988 not motion to alter or amend the judgment because it raises issues collateral to and separate from merits decision); Ben v. Schultz, 47 Mass. App. Ct. 808, 814 (1999) ("A motion for counsel fees under G. L. c. 231, § 6F, is thus not a judgment within the scope of rule 59[e]").

We need not decide the issue, however, because recent decisions of the Supreme Judicial Court and of this court have foregone strict enforcement of Mass. R. A. P. 4 (a) (3) and have given effect to notices of appeal timely filed after entry of judgment, even where subsequent postjudgment motions would normally have reset the appellate clock. See Roch v. Mollica, 481 Mass. 164, 165 n.2 (2019); Tocci Bldg. Corp. v. Iriv Partners, LLC, 101 Mass. App. Ct. 133, 136 n.5 (2022). The reason for suspending an appeal pending the disposition of postjudgment motions is to prevent "having an appeal work its way up the ladder from a judgment which might be altered." Roch, supra, quoting Anthony v. Anthony, 21 Mass. App. Ct. 299, 301 (1985). But the concerns underlying the rule are not implicated here, where the fee motion was not only collateral to the underlying judgment, but was denied and thus had no effect whatsoever on the underlying judgment. The objector's "failure

5

in technical compliance" did not prejudice the proponent; the procedural misstep "need not -- and should not -- require the perpetrator to be undone" (citation omitted).  <u>Chongris</u> v. <u>Board of Appeals of Andover</u>, 17 Mass. App. Ct. 999, 1000-1001 (1984).

Conclusion.  "Although appellate courts ordinarily defer to a trial court judge's dismissal of an appeal absent an abuse of discretion, an appellate court nevertheless remains authorized to exercise [its] own independent judgment as to what is appropriate in the circumstances of a given case" (quotation and citation omitted).  <u>Neuwirth</u> v. <u>Neuwirth</u>, 85 Mass. App. Ct. 248, 263 (2014).  In the exercise of our discretion, we reverse the order dismissing objector John Allard's notice of appeal dated October 12, 2023.[3]  The notice of appeal shall be reinstated, and the register shall promptly complete assembly of the record.

<u>So ordered</u>.

By the Court (Massing, Englander & D'Angelo, JJ.[4]),

Clerk

Entered:  July 9, 2025.

_____

[3] The appellees' request for an award of their appellate attorney's fees is denied.

[4] The panelists are listed in order of seniority.

6