NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

15-P-319                                          Appeals Court


   SOUTH BOSTON ELDERLY RESIDENCES, INC.  vs.  GERALD MOYNAHAN.


No. 15-P-319.

    Suffolk.     November 2, 2015. - December 15, 2015.

        Present:  Agnes, Sullivan, & Blake, JJ.



Practice, Civil, Summary Process, Appeal, Dismissal of appeal,
     Assembly of record.  Summary Process.  Rules of Appellate
     Procedure.



    Summary process.  Complaint filed in the Boston Division of
the Housing Court Department on February 4, 2013.

    A motion to dismiss the appeal was heard by Jeffrey M.
Winik, J.


    A. Joseph Ross for the tenant.
    W. Paul Needham for the landlord.


    BLAKE, J.  Following the entry of judgment in a summary

process action in the Boston Division of the Housing Court, the

defendant tenant, Gerald Moynahan, filed a notice of appeal from

the judgment.  More than one year later, the plaintiff landlord,

South Boston Elderly Residences, Inc. (SBER), moved to dismiss

the appeal, citing Moynahan's delay in filing the trial transcript with the court. The motion was allowed, and this appeal followed. We reverse.

1. Procedural background. On October 28, 2013, Moynahan's notice of appeal relating to the underlying judgment was filed with the court. On November 25, 2013, Moynahan through counsel (counsel) ordered a copy of the recording of the trial, which the court received on December 2, 2013, and so notified counsel that day. On January 21, 2014, counsel retrieved the copy and sent it to be transcribed. A dispute arose between the transcriber and counsel as to who would file the transcript with the court. The transcriber ultimately refused to file the transcript, contrary to Mass.R.A.P. 8(b)(3)(iv), as appearing in 388 Mass. 1106 (1983). On February 18, 2014, the transcription was completed and delivered to counsel. Rather than filing the transcript when he received it from the transcriber, counsel decided to wait until after he recovered from a scheduled surgery to file it.[1] Counsel eventually filed the transcript with the court on December 12, 2014. On December 17, 2014, SBER filed a motion to dismiss the appeal for undue delay pursuant to Mass.R.A.P. 9(c), as amended, 417 Mass. 1601 (1994), and

---

[1] Counsel received the transcript before he was to undergo spinal surgery. Anticipating a significant absence from his office following surgery, he decided to postpone filing the transcript until his return to work.

Mass.R.A.P. 10(c), as amended, 417 Mass. 1602 (1994). After a hearing, a judge allowed the motion, on the ground that counsel had committed inexcusable neglect by purposely delaying the filing of the transcript to control the timing of the appeal. Moynahan filed a timely notice of appeal from the order dismissing his appeal.

2. Discussion. It is without question that the Rules of Appellate Procedure "put the responsibility for expediting the appeal squarely on the appellant." Mailer v. Mailer, 387 Mass. 401, 407 (1982). See Scheuer v. Mahoney, 80 Mass. App. Ct. 704, 709 (2011). Rule 9(c) outlines a civil appellant's duties in relation to assembly of the record on appeal, including the immediate delivery of the transcript to the clerk. Rule 10(c) provides:

> "If any appellant in a civil case shall fail to comply
> with Rule 9(c) or Rule 10(a)(1) or (3), the lower
> court may, on motion with notice by any appellee,
> dismiss the appeal, but only upon a finding of
> inexcusable neglect; otherwise, the court shall
> enlarge the appellant's time for taking the required
> action. If, prior to the lower court's hearing such
> motion for noncompliance with Rule 9(c), the appellant
> shall have cured the noncompliance, the appellant's
> compliance shall be deemed timely" (emphasis
> supplied).

See Neuwirth v. Neuwirth, 85 Mass. App. Ct. 248, 256 (2014). Thus, the rules contemplate a situation in which an appellant commits inexcusable neglect, but nevertheless escapes dismissal by virtue of the compulsory language of the cure provision. See

ibid.  Given the liberality of the cure provision, in Neuwirth

we cautioned that, to avoid unnecessary delay, appellees must

remain vigilant in "policing the progress of an appeal" and

should be willing to "nudge an appellant along" if need be.  Id.

at 257.

Here, counsel, during the hearing on the motion to dismiss,

was candid in his explanation to the judge as to the reasons for

the delay in filing the transcript, and admitted that, in so

acting, he was relying on the strict language of the cure

provision.  See note 2, infra.  While we do not condone

counsel's manipulation of the appellate timeline for his own

personal reasons,[2] he is correct that, regardless of his

motivations, the judge was bound, by the language of rule 10(c),

to deem the filing of the transcript timely.  See Kaufman v.

Buckley, 285 Mass. 83, 86 (1933) ("Individual judges have no

power to dispense with rules of court lawfully adopted");

Commonwealth v. Brown, 395 Mass. 604, 606 (1985).

Furthermore, we observe that SBER was not without a remedy.

While it complains about the approximate ten months that passed

from when counsel received the transcript to when he filed it

with the court, SBER took no steps to address the noncompliance.

_____

[2] Counsel acknowledged the better course would have been to promptly file the transcript and seek a stay of the proceedings based on his medical status.

Also, SBER has made no showing that the delay compromised its position as to the appeal or caused it to suffer prejudice. In fact, the record reflects that Moynahan continued to pay rent through the time of the hearing on SBER's motion to dismiss. SBER's claims that the actions of counsel are per se prejudicial and violate public policy are without record support or support in the rules.

3. <u>Conclusion</u>. In the absence of an amendment to the Rules of Appellate Procedure, dismissal of the appeal was an abuse of discretion. We accordingly reverse the order dismissing the appeal, reinstate the notice of appeal, and direct the clerk of the Boston Division of the Housing Court Department to forthwith complete assembly of the record.

<u>So ordered</u>.