NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-383

IN THE MATTER OF THE ESTATE OF WILLIAM A. GUTHRIE (and a consolidated case[1]).

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

George Sayen appeals from an order of a Probate and Family Court judge entered on March 2, 2021, dismissing his appeals in two related matters that were consolidated in the trial court but maintained separate dockets.  Although we are loath to revive these matters, which have dragged on for well over a decade, we reverse the order dismissing the appeals and remand for further proceedings.

Background.  In June 2011, the personal representative of the estate of William A. Guthrie (proponent) filed a petition for probate of Guthrie's will dated May 29, 2009 (the will case).  Sayen and his brother David objected to the will.  In February 2013, PNC Bank, NA, as trustee of Guthrie's 1996

_____

[1] PNC Bank, NA, trustee, vs. Christopher M. Falzone & others.

revocable trust (trustee), filed a complaint seeking to declare the trust valid and to permit distributions according to its terms (the trust case). Following a trial held over nine days in December 2018 and January 2019, in a decision and accompanying decree dated July 10, 2019, the judge found that Guthrie had testamentary capacity at the time he executed the will, admitted the will to probate, and entered a declaratory judgment affirming the validity of the trust. The decree in the will case was docketed in error on July 10, then entered on July 15, 2019. The judgment in the trust case entered on July 10. Sayen timely filed notices of appeal in both cases on July 29, 2019. In the interim, however, in the will case, the proponent filed a motion for attorney's fees, which was styled a motion to alter or amend the judgment under Mass. R. Civ. P. 59 (e), 365 Mass. 827 (1974). The judge denied the motion to alter or amend in a margin order dated August 13, 2019, which was entered on the docket on September 5, 2019, somewhat cryptically, as follows:

> "Motion To Waive Counsel may file a separate petition under
> 215 § 45 DENIED on 08/13/2019 File
> Reference # 235
> Denial was on 8/13/19 regrading [sic] the Motion to alter
> and amended [sic]"

Two and one-half months later, on November 22, 2019, Sayen filed a second notice of appeal from the July 10 order (in both cases).

2

One month after that, on December 23, 2019, in the will case, the proponent and the trustee filed an "amended[2] joint motion to strike appeal," arguing that the proponent's motion to alter or amend had rendered Sayen's first notice of appeal in that case a nullity and that the second notice of appeal was untimely.[3]  On July 13, 2020, the proponent and the trustee served a "supplemental joint motion to strike or dismiss appeal," arguing that both appeals should be dismissed for the additional reason that Sayen had failed to order a transcript of the trial.  This motion does not appear to have been docketed in either case.  On September 3, 2020, the judge ordered a status hearing to be held on September 16, 2020, to discuss the pending motion to dismiss the appeals and the effect, if any, of an unpublished decision of a panel of this court, Capobianco v. DiSchino, 98 Mass. App. Ct. 1101 (2020), that had recently been issued.  At the conclusion of that hearing, the judge established a briefing schedule for motions arising from the Capobianco decision and a subsequent hearing date, October 29, 2020, to address those motions and the motion to strike the

_____

[2] The word "amended" suggests that a prior joint motion to strike had been filed, but the record does not otherwise reflect the existence of a prior motion.

[3] They also argued that the appeals in both cases should be dismissed for Sayen's failure to post a corporate surety bond in the amount of $100,000 that the judge had ordered on August 13, 2019 (entered August 15).

3

appeals.  At the October 29 hearing, counsel for the proponent argued that both appeals should be dismissed because Sayen had failed to request a transcript and to file a certification that the transcript had been ordered, although it was disclosed later in the hearing that the transcript had in fact been ordered and was near completion.  The judge took the matters under advisement.

While the matters were pending, in the will case, the proponent and the trustee filed a "further supplemental joint motion to strike or dismiss appeal," now stating that the transcripts had been completed since November 13, 2020, but that they had not yet been delivered because Sayen had not paid the stenographer the balance due,[4] and that both appeals should be dismissed for that reason.  Sayen responded in a letter to the court, stating that he had not received the invoice and that he was "waiting for a decision from the court as to whether my appeal will be permitted to proc[eed], before I take any further steps."

In an order dated March 1, 2021, docketed in both cases on March 2, the judge allowed the joint motion to dismiss the appeals.  With respect to the will case, the judge held that the

---

[4] The stenographer's invoice, attached to the motion, showed that transcripts for all nine trial dates had been prepared, that one of Sayen's attorneys had paid a deposit of $4,468, and that the balance due was $3,396.

4

appeal was untimely because the proponent's motion to alter or amend had rendered Sayen's first notice of appeal a nullity under Mass. R. A. P. 4 (a) (3), as appearing in 481 Mass. 1606 (2019), and the second notice of appeal was filed too late. As an alternative ground, the judge dismissed the appeal for Sayen's failure to <u>order</u> the transcript or file the requisite certification that it would not be ordered under Mass. R. A. P. 9 (d) (2), as appearing in 481 Mass. 1615 (2019). With respect to the trust case, noting that the first notice of appeal remained in effect because the motion to alter or amend was not filed in the trust case, the judge nonetheless dismissed the appeal for Sayen's failure to <u>file</u> the transcript or certification that it had been ordered.[5] Sayen timely filed notices of appeal from the dismissal of the appeals in both matters.

The proponent and the trustee next filed a motion to dismiss the appeal from the order dismissing the appeals, which was denied, and the record of this appeal was assembled on March 16, 2023.

---

[5] The judge also suggested that the dismissal of the appeal from the will case made that judgment final and had preclusive effect with respect to the trust case.

Discussion.  While the proponent's motion to alter or amend arguably[6] made Sayen's first notice of appeal in the will case premature and of "no effect" under Mass. R. A. P. 4 (a) (3), recent cases of the Supreme Judicial Court and of this court have foregone strict enforcement of this rule.  Rather, in Roch v. Mollica, 481 Mass. 164, 165 n.2 (2019), followed by Tocci Bldg. Corp. v. Iriv Partners, LLC, 101 Mass. App. Ct. 133, 136 n.5 (2022), notices of appeal timely filed after entry of judgment were given effect, notwithstanding subsequent motion practice recognized under Mass. R. A. P. 4 (a) (2), as resetting the appellate clock.  "[N]otices of appeal like the original ones filed here will bring the merits of an appeal before the appellate court where, as here, 'no action on the appeal had yet been taken before the motion for reconsideration was decided.'" Tocci Building Corp., supra, quoting Roch, supra.  We accordingly hold that Sayen's original notice of appeal in the will case is effective.

The only remaining reasons for dismissing the appeals have to do with the transcript.[7]  Assuming without deciding that an

---

[6] Sayen argues persuasively that the proponent's motion, which sought an award of attorney's fees, was collateral to and separate from the underlying judgment and, as such, was not a true motion to alter or amend under rule 59 (e).  We do not decide the appeal on this ground, which was raised for the first time on appeal.

[7] The judge did not address the proponent's and the trustee's argument, which they continue to press on appeal, that

6

appeal may be dismissed under Mass. R. A. P. 10 (c), as appearing in 481 Mass. 1618 (2019), for failure to comply with Mass. R. A. P. 8 (b) (1), as appearing in 481 Mass. 1611 (2019), concerning electronically recorded proceedings, see Neuwirth v. Neuwirth, 85 Mass. App. Ct. 248, 256 n.11 (2014), as Sayen had ordered the trial transcript prior to the hearing on the motion to dismiss, the appeal in the will case could not be dismissed for failure to order the transcript.  See Mass. R. A. P. 10 (c) ("If, prior to the lower court's hearing such motion for noncompliance with Rule 9 [d], the appellant shall have cured the noncompliance, the appellant's compliance shall be deemed timely").  Sayen's failure to certify that he had done so is not the type of act "necessary to move the appeal along" that

the appeals should be dismissed for Sayen's failure to post the corporate surety bond.  See note 3, supra.  Although we are free to affirm on grounds different from those relied on by the motion judge if those grounds are apparent on the record, see Feeney v. Dell Inc., 454 Mass. 192, 211 (2009), it is not apparent from the record that the judge made posting of the bond a requirement for Sayen to pursue his appeals, nor are we aware of any legal authority for the proposition that a Probate and Family Court judge may condition a party's right to appeal on the posting of a bond.  The lone case cited by the proponent and the trustee in the relevant section of their brief is off point. See Mass. R. A. P. 16 (b) (2), as appearing in 481 Mass. 1628 (2019) ("The argument shall contain the contentions of the appellee with respect to the issues presented, and the reasons therefor, with citations to the authorities and parts of the record on which the appellee relies" [emphasis added]).  We express no opinion whether the proponent and the trustee may seek to enforce the bond order by some other means, such as a complaint for contempt.

7

warrants dismissal.  Scheuer v. Mahoney, 80 Mass. App. Ct. 704, 709 (2011), quoting Robinson v. Planning Bd. of Wayland, 23 Mass. App. Ct. 920, 921 (1986).  Finally, in the circumstances of this case, Sayen's failure to effect delivery of the transcript by paying the balance due to the stenographer did not delay the appeals.  As Sayen noted, when the balance became due, the proponent's and the trustee's multiple motions to dismiss the appeals were pending, and it was possible that the appeals would be dismissed regardless of whether the transcript was delivered.

While we recognize that it is the appellant's burden to move the appeal forward, including producing and filing the transcript, see Neuwirth, 85 Mass. App. Ct. at 255-257, appellees are expected to help, rather than hinder, the assembly of the record.  See South Boston Elderly Residences, Inc. v. Moynahan, 88 Mass. App. Ct. 742, 743-744 (2015), quoting Neuwirth, supra at 257 ("in Neuwirth we cautioned that, to avoid unnecessary delay, appellees must remain vigilant in 'policing the progress of an appeal' and should be willing to 'nudge an appellant along' if need be").  Here, responsibility for the regrettable delays in moving the appeals forward is shared among the appellant and the appellees:  the appellant and his counsel, for their confusing arrangement with respect to Sayen's representation on appeal and lack of diligence with respect to

the transcript; and the appellees, for their repetitive (amended, supplemental, further supplemental) and time-consuming motion practice with respect to dismissal of the appeals and collateral matters.

"Although appellate courts ordinarily defer to a trial court judge's dismissal of an appeal absent an abuse of discretion, an appellate court nevertheless remains authorized to exercise [its] own independent judgment as to what is appropriate in the circumstances of a given case" (quotations and citation omitted). Neuwirth, 85 Mass App. Ct. at 263. Here, we conclude that it is appropriate to allow the appeals from the underlying decree and judgment to go forward.

Conclusion. We reverse the order entered on March 2, 2021, dismissing Sayen's appeals in the will and trust cases. The case is remanded for further proceedings. Sayen shall forthwith pay the balance due to the stenographer; the register of the Probate and Family Court shall thereupon promptly assemble the record; and Sayen shall timely docket the appeal pursuant to Mass. R. A. P. 10 (a) (1). The proponent's and the trustee's requests for appellate attorney's fees are denied.

So ordered.

By the Court (Massing, Shin & D'Angelo, JJ.[8]),

---

[8] The panelists are listed in order of seniority.

9

_Paul Little_
Assistant Clerk

Entered:  May 15, 2024.